THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: December 18, 2012

Opposition No. 91200510

Otter Products LLC

v.

BaseOneLabs LLC

**Before Quinn, Kuczma and Adlin, Administrative Trademark Judges**

**Opinion by Adlin, Administrative Trademark Judge:**

Applicant seeks registration of IMPACTBAND, in standard characters, for "Cell phone and handheld computing device covers."[1] In its notice of opposition, opposer alleges prior use of the mark IMPACT SERIES, and ownership of a Supplemental Register registration for the mark in standard character format for "Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players, phones and computers,"[2] and that use of applicant's mark would be likely to cause confusion with opposer's mark. In its answer, applicant denies the salient allegations in the notice of opposition.

---

[1]     Application Serial No. 85205858, filed December 27, 2010, alleging first use in commerce on September 10, 2010.
[2]     Supplemental Registration No. 3795187, issued May 25, 2010 with SERIES disclaimed, from an application filed December 2, 2008 and alleging first use dates of November 4, 2008 ("Opposer's Supplemental Register Registration").

Pursuant to the Board's order of July 5, 2011, opposer's testimony period closed on June 9, 2012. During its testimony period, opposer submitted a notice of reliance on Opposer's Supplemental Register Registration, but opposer did not submit any testimony or introduce any other evidence. This case now comes up for consideration of applicant's contested motion for involuntary dismissal under Trademark Rule 2.132, filed July 6, 2012.

Applicant argues that the opposition should be dismissed with prejudice "on the ground that upon the law and the facts Opposer has shown no right to relief." Specifically, applicant argues that opposer's only evidence, a status and title copy of Opposer's Supplemental Register Registration, is in fact "evidence of nothing" because registrations on the Supplemental Register are not entitled to "any statutory presumptions." Applicant further claims that Opposer's Supplemental Register Registration is effectively an admission that opposer's mark is merely descriptive, and points out that opposer has not introduced any evidence of acquired distinctiveness.

Opposer argues, however, that Supplemental Register registrations are "registered," and may "preclude later registration on the Principal Register of confusingly similar marks by others." Opposer claims that its Supplemental Register Registration establishes its standing, and that as a result of its Supplemental Register Registration, "priority is not an issue in this case." Opposer suggests that its Supplemental Register Registration establishes that opposer's date of first use in commerce is November 4, 2008, the date claimed in

Opposer's Supplemental Register Registration. Finally, opposer argues that the parties' marks are confusingly similar.

Before addressing the parties' substantive contentions, we must first address a procedural issue. Applicant argues that opposer has "essentially" introduced no evidence, and that therefore dismissal is appropriate under Trademark Rule 2.132(a), which applies where a "party has not taken testimony or offered any other evidence." We disagree. Notwithstanding applicant's argument that Opposer's Supplemental Register Registration is "evidence of nothing," which is addressed below, Opposer's Supplemental Register Registration is <u>something</u>, whether or not it is ultimately found sufficient to establish opposer's claims in this proceeding. In other words, we find that the clear language of Trademark Rule 2.132(a) indicates that it applies <u>only</u> where the plaintiff has not introduced "any" evidence, i.e., no evidence of any kind, and here opposer has introduced something, regardless of whatever is found with respect to its ultimate impact. *See*, *Procyon Pharmaceuticals Inc. v. Procyon Biopharma Inc.*, 61 USPQ2d 1542 (TTAB 2001); *Atlanta-Fulton County Zoo Inc. v. DePalma*, 45 USPQ2d 1858, 1860 (TTAB 1998); TBMP § 534.02 (3d ed. rev. 2012). It is also clear that Trademark Rule 2.132(a) does not apply to this proceeding because the situation presented here is specifically addressed in Trademark Rule 2.132(b), which applies where, as here, "no evidence other than a copy or copies of Patent and Trademark Office records is offered." In this case,

opposer has offered a Patent and Trademark Office record, i.e., Opposer's Supplemental Register Registration.

Turning then to Trademark Rule 2.132(b), the Rule provides that where an opposer relies only on Office records, an applicant "may, without waiving its right to offer evidence in the event the motion is denied, move for dismissal on the ground that upon the law and the facts the plaintiff has shown no right to relief." *See* TBMP § 534.03; *Newhoff Blumberg Inc. v. Romper Room Enter., Inc.*, 193 USPQ 313, 315 (TTAB 1976). In considering the motion, the Board "may either render judgment against the plaintiff, or decline to render judgment until all of the evidence is in the record and decide the case on the merits. If a timely motion under Rule 2.132(b) is denied, testimony periods and pretrial disclosure deadlines will be reset for the defendant and for rebuttal." TBMP § 534.03. Thus, the ultimate question presented here is whether Opposer's Supplemental Register Registration is sufficient to "make out a prima facie case." *Id.*

Turning first to the question of standing, opposer must establish that it has a "real interest," i.e., a "personal stake," in the proceeding. *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025-26 (Fed. Cir. 1999); *Lipton Indus., Inc. v. Ralston Purina Co.*, 213 USPQ 185, 189 (TTAB 1982). We find that Opposer's Supplemental Register Registration is sufficient to establish opposer's real interest in this proceeding. *See generally*, *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000) (finding that standing is established through a plaintiff's proof of ownership of a federal

registration). In fact, while registrations on the Supplemental Register "shall not be subject to or receive the advantages of" several sections of the Act, in at least the *ex parte* context, the provisions of Section 2(d) of the Act apply to registrations on the Supplemental Register, and therefore, "a mark registered on the Supplemental Register can be used as a basis for refusing registration to another mark under § 2(d) of the Act." *In re The Clorox Company*, 578 F.2d 305, 198 USPQ 337, 340 (CCPA 1978). It would be inconsistent with *Ritchie*, *Cunningham* and *Clorox* to find that ownership of a registration on the Supplemental Register is insufficient to establish standing in an *inter partes* proceeding. Therefore, we agree with opposer that its Supplemental Register Registration establishes its standing to oppose registration of applicant's mark under Section 2(d).

As for priority, we need not address the issue in this proceeding. *King Candy Co. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108, 110 (CCPA 1974). Indeed, under *King Candy*, priority is not at issue where the opposer establishes its ownership of an "existing registration." *Id.* It is well-settled that marks registered on the Supplemental Register are "marks registered in the Patent and Trademark Office" under Section 2(d) of the Trademark Act. *See*, *In re The Clorox Co.*, 578 F.2d at 305, 198 USPQ at 339-40. Accordingly, opposer, which has established its ownership of an "existing

registration," need not establish priority in order to prevail on its claim under Section 2(d).[3]

Nevertheless, we find that opposer cannot prevail in this proceeding based solely on its Supplemental Register Registration. In fact, to successfully oppose registration of a mark under Section 2(d) of the Act, "the opposer must prove he has proprietary rights in the term he relies upon to demonstrate likelihood of confusion as to source …." *Otto Roth & Co., Inc. v. Universal Foods Corp.*, 640 F.2d 1317, 209 USPQ 40, 43 (CCPA 1981); *see also, Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 64 USPQ2d 1375, 1378 (Fed. Cir. 2002); *Towers v. Advent Software Inc.*, 913 F.2d 942, 16 USPQ2d 1039, 1042 (Fed. Cir. 1990). Here, however, opposer has failed to introduce any evidence that it has proprietary rights in its alleged mark. To the contrary, opposer's only evidence, its pleaded Supplemental Register Registration, "is not evidence of ownership, validity, or the exclusive right to use." *In re Bush Bros. & Co.*, 884 F.2d 569, 12 USPQ2d 1058, 1059 n. 2 (Fed. Cir. 1989). *See also, McCormick & Co., Inc. v. Summers*, 354 F.2d 668, 148 USPQ 272 (CCPA 1966) ("registrations on the Supplemental Register do not receive the advantages of section 7(b) with regard to prima facie evidence of exclusive right to use"); *Loma Linda Food Co. v. Thomson & Taylor Spice Co.*, 279 F.2d 522, 126 USPQ 261, 263 (CCPA 1960)

---

[3] While it is not necessary for opposer to establish priority, opposer is in error when it argues that proof of owning Opposer's Supplemental Register Registration constitutes proof of the date of first use asserted therein. Dates of use recited in an application or registration "must be established by competent evidence." Trademark Rule 2.122(b)(2).

("[T]he Lanham Act does not contemplate that … registrations on the supplemental register … shall constitute constructive notice of the registrant's claim of ownership"); *Copperweld Corporation v. Arcair Company*, 200 USPQ 470, 474 (TTAB 1978) (Ownership of a registration on Supplemental Register "does not constitute prima facie evidence of registrant's ownership of the mark, or of its exclusive right to use the mark in commerce.  In fact, it is not prima facie evidence of anything except that the registration issued."); *Hi-Shear Corp. v. National Automotive Parts Association*, 152 USPQ 341, 344 (TTAB 1966) (a supplemental registration "cannot be considered as evidence of a proprietary right in the registered mark").  Because the mark in Opposer's Supplemental Register Registration is presumed to be merely descriptive, and opposer has introduced no evidence of use of its mark sufficient to prove that its alleged mark has acquired distinctiveness, it cannot prevail based solely on its ownership of this registration.  *See*, *In re Medical Disposables Co.*, 25 USPQ2d 1801, 180 (TTAB 1992)("a registration issued on the Supplemental Register is not entitled to the presumptions of Section 7(b) of the statute.  It does not constitute prima facie evidence of registrant's ownership of the mark, or of its exclusive right to use the mark in commerce …"); *see also*, *Perma Ceram Enterprises Inc. v. Preco Indus., Ltd.*, 23 USPQ2d 1134, 1137 n. 11 (TTAB 1992) (mark registered on Supplemental Register constitutes an implied admission that the term is descriptive, at least at the time of registration); *In re Hunke & Jochheim*, 185 USPQ 188, 189 (TTAB 1975) (supplemental registration "may be considered to

7

establish prima facie that, at least at the time of registration, the registered mark possessed a merely descriptive significance").

Indeed, in *Aloe Creme Laboratories, Inc. v. Bonne Bell, Inc.*, 168 USPQ 246 (TTAB 1970), the petitioner sought to cancel a registration on the ground of priority and likelihood of confusion, but relied solely on its own Supplemental Register registration of a competing mark. As recognized in that case, "[a] registration affected on this register, however, is evidence only of the fact that it issued, and, unlike a registration on the Principal Register, does not constitute prima facie evidence of the 'registrant's ownership of the mark' or 'of registrant's exclusive right to use the mark in commerce.'" Accordingly, "it is clear that petitioner has failed to establish any right to the relief which it seeks." *Id.* at 247. *See also*, 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 20:29 (4th ed. 2012) ("Neither an opposer nor a petitioner for cancellation can rely merely upon a Supplemental Registration, for it does not constitute prima facie evidence of ownership or right to use.").[4]

Furthermore, in *McCormick & Co.,* 354 F.2d at 668, 148 USPQ at 272, the applicant, owner of a Supplemental Register registration for the mark THE

---

[4] Similarly, a party seeking to enforce its rights in a mark in federal court must establish that it owns a valid mark, which it may accomplish by establishing ownership of a registration on the Principal Register, but not a registration on the Supplemental Register. *ERBE Elektromedizin GmbH v. Canady Technology LLC*, 629 F.3d 1278, 97 USPQ2d 1048, 1055-56 (Fed. Cir. 2010)(applying Third Circuit law). A registration on the Supplemental Register is not sufficient, by itself, to establish that the subject mark is valid, because "[r]egistration of a mark on the Supplemental Register does nothing to enlarge the substantive rights of the registrant." *Clairol Inc. v. The Gillette Co.*, 389 F.2d 264, 156 USPQ 593, 596 (2d Cir. 1968).

HOUSE OF FLAVORS, sought to register the same mark on the Principal Register. The Board found that applicant's mark had acquired distinctiveness, despite the opposer's use of the same mark, but the predecessor to our primary reviewing court reversed, holding that because the applicant's Supplemental Register registration did not constitute "prima facie evidence of exclusive right to use," or "constructive notice of ownership," the opposer's "use of the mark was not illegal in any sense and must be considered in determining whether secondary meaning has been established." *Id.*, 148 USPQ at 276. Ultimately, the opposer's use of the term, despite the applicant's ownership of a Supplemental Register registration, was found to be "strong evidence militating against a finding that the term in question has become distinctive of [applicant's] goods in commerce." *Id.*

Our holding herein distinguishes *inter partes* cases from *ex parte* cases, where, as noted, a mark on the Supplemental Register can be cited as a basis for refusing registration to another mark under Section 2(d) of the Act pursuant to *Clorox.* We believe that this distinction is consistent with the Act and the differences between *ex parte* examination and *inter partes* proceedings. In the *ex parte* context, the Office does not and cannot question the validity of a mark in a registration cited against another under Section 2(d). By contrast, in the *inter partes* context, under *Otto Roth*, a petitioner or opposer must establish the validity of a mark it asserts against a pending application or existing registration in order to prevail on a claim of likelihood of confusion. *See, Copperweld*, 200

USPQ at 474; *see also, Towers v. Advent Software*, 913 F.2d at 942, 16 USPQ2d at 1042 ("To the extent there is a different result in an ex parte proceeding if the first term is registered on the Supplemental Register, such a result may be an added advantage of federal registration.") (*citing Universal Foods Corp. v. Otto Roth & Co.*, 215 USPQ 1140, 1143-44 (TTAB 1982)).

Indeed, this view finds support in *Fluid Energy Processing & Equipment Co. v. Fluid Energy, Inc.*, 212 USPQ 28 (TTAB 1981), which makes clear that "absent the existence of a registration *and the presumptions attendant thereto under Section 7(b)* … a party claiming to be aggrieved under Section 2(d) cannot prevail where he has not proved a prior and proprietary right in the term or designation on which it relies." *Id.* at 35 (emphasis supplied).[5]  By referencing the "presumptions attendant thereto under Section 7(b)," *Fluid Energy* makes clear that only proof of ownership of a registration on the Principal Register may excuse a plaintiff from establishing a "proprietary right" through evidence of use of a valid mark.  Opposer has not established that it owns a "proprietary right" in the asserted mark.

Therefore, while opposer's evidence, consisting solely of Opposer's Supplemental Register Registration, establishes that opposer has standing to oppose registration of applicant's mark, and priority need not be proven because

---

[5]      Under Section 7(b), registrations on the Principal Register "shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce … subject to any conditions or limitations stated in the certificate."

opposer owns an "existing registration," Opposer's Supplemental Register Registration does not establish that opposer owns a proprietary interest in a mark. Opposer's failure to prove its ownership of a valid mark means that opposer cannot prevail on its claim under Section 2(d) of the Act. Accordingly, applicant's motion for involuntary dismissal pursuant to Trademark Rule 2.132(b) is hereby **GRANTED**, judgment is hereby entered against opposer and the notice of opposition is dismissed with prejudice under Trademark Rule 2.132(b).

***